[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Department of Motor Vehicles [hereafter called "the Department"], which suspended the plaintiff's motor vehicle operator's license for 90 days for operation of a motor vehicle while the plaintiff's blood alcohol level exceeded ten hundredths of one percent by weight (.10).
Section 14-227b(c) of the General Statutes provides that if a motor vehicle operator submits to a chemical test after being arrested for driving under the influence of intoxicating liquor, the Department will suspend the operator's license unless a hearing is requested, in which case the hearing is limited to four issues: (1) did the police officer have probable cause to arrest the person for operating while under the influence of intoxicating liquor; (2) was the person placed under arrest; (3) did the person submit to the test, and the test results indicate that at the time of the operation the ratio of alcohol in the blood was .10 or more by weight; and (4) was the person operating the motor vehicle. Section 14-227b(f) C.G.S. In this case the police officer responded to the scene of an accident where a car had struck a utility pole. When he arrived at the scene the plaintiff was standing next to the car, stated that the car was his and that he had been driving it prior to the collision. The police officer detected a very strong odor of alcohol on the plaintiff's breath CT Page 6464 and asked him to perform the standard field sobriety tests. The plaintiff had difficulty in doing so and failed several components of the test. The police report states that the officer had probable cause to arrest the plaintiff because of the accident, the plaintiff's performance on the field sobriety tests and the odor of liquor on the plaintiff's breath. The police report on standard form A-44 states that the time of arrest was 9:38 p.m. on April 14, 1991. The plaintiff consented to take a breath test, and the test results were .211 at 10:11 p.m. and .21 at 10:45 p.m.
On May 9, 1991 the hearing consisted primarily of objections from the plaintiff's attorney to suspension of the license. The police officer's report on the A-44 form was admitted as an exhibit. It was property considered by the hearing officer. Volck v. Muzio, 204 Conn. 508, 518. The plaintiff did not testify. The hearing officer made the four findings required by the statute on May 14, 1991 and suspended the plaintiff's license for 90 days.
A person whose motor vehicle operator's license has been suspended under section 14-227b has standing to take an appeal under section 4-183 of the General Statutes. In an appeal under section 4-183 (j) the court does not retry the case or substitute its judgment for that of the agency on the weight of the evidence or questions of fact. Buckley v. Muzio, 200 Conn. 1, 3; Madow v. Muzio, 176 Conn. 374, 376. If there is evidence which reasonably supports the Department's decision, it must be upheld. Persico v. Maher, 191 Conn. 408, 409. The appeal is governed by the substantial evidence rule. Lawrence v. Kozlowski, 171 Conn. 705,713. The hearing officer made the four findings required by the statute. The plaintiff admitted that he was operating his car prior to the accident, he was arrested by the police officer, and the two test results were substantially in excess of the minimum level of .10. While the plaintiff questions whether the police officer had probable cause for an arrest, the A-44 report claimed probable cause from the plaintiff's performance on the field sobriety tests, the odor of liquor on his breath, and the unexplained collision of the plaintiff's car with a utility pole.
The amount of evidence required to establish probable cause must exceed mere suspicion, but is substantially less than that required for a conviction. State v. Patterson, 213 Conn. 708, 720. The hearing officer could reasonably conclude that the evidence in the police report supported a finding of probable cause for the officer to arrest the plaintiff for operating a motor vehicle under the influence of alcohol. The hearing officer's findings on this and the other requirements in section 14-227b(f) of the General Statutes is clearly supported by substantial evidence.
The plaintiff claims that there was insufficient evidence for the hearing officer to determine from the two breath test readings CT Page 6465 that he was at a level of .10 or higher when he was operating his car. In State v. Geisler, 22 Conn. App. 142, 162, the Appellate Court held that there had to be expert testimony as to a criminal defendant's blood alcohol level at the time of operation of the motor vehicle in order to convict the operator of driving under the influence of alcohol in violation of section 14-227a of the General Statutes, and that expert testimony was required to relate the test results back to the time of operation of the motor vehicle to show that the operator was then at a level of .10 or greater. A conviction under section 14-227a requires the State to prove beyond a reasonable doubt that the defendant was operating a motor vehicle at a time when his blood alcohol level was .10 or greater.
In order for a hearing officer to suspend a license under section 14-227b there must be a finding supported by substantial evidence that the results of the test indicated that at the time of operation the blood alcohol level was .10. In the Geisler case the defendant had left the scene of the accident when the police officers arrived, and when they arrested him later at his home he indicated that he had been drinking both before and after the accident. There is a material difference between this appeal and the Geisler case in several respects. In Geisler the defendant consumed alcohol both before and after the accident, which may have affected the test results. In a criminal case the State is required to prove beyond a reasonable doubt that the defendant's blood alcohol level was .10 or greater at the time of operation. In an appeal from the administrative revocation of a license the court decides whether the hearing officer's conclusion that the driver's blood alcohol level was at least .10 at the time of operation is supported by substantial evidence. The one car accident, plaintiff's performance on the field sobriety tests and level of the tests themselves, namely .211 and .210 are substantial evidence even without interpretation of an expert, supporting a conclusion by the hearing officer that the tests indicated that at the time of operation the plaintiff's blood alcohol level exceed .10.
Finally, the requirements of the two statutes are different. For a chemical test to be admissible in a criminal prosecution there must be evidence "presented which demonstrates that the test results and the analysis thereof accurately reflect the blood alcohol content at the time of the alleged offense." Section14-227a(c)(6) C.G.S. For a license suspension based on section14-227b(f) the test results must only indicate that at the time of operation the alcohol level of the operator was .10 or greater.
The plaintiff relies upon the decision in Marshall v. DelPonte, 4 Ct.L.R. 36 (1991) where it was held that expert testimony must be presented at a license suspension hearing to show that the operator's blood alcohol content exceeded the statutory limits at the time of the offense as well as at the time the tests CT Page 6466 were made. This Court declines to follow that opinion under the facts of this case. As previously indicated, the material question in an appeal from a license suspension the question before the Court is whether substantial evidence supported the conclusion of the hearing officer that the driver's blood alcohol level was .10 or greater at the time of operation. While evidence to support that finding can occur from expert testimony relating back the test results to the time of the accident, that does not necessarily mean that is the only evidence that will support the required finding. If the test results are close to the legal limit in the statute, or the second test is substantially higher than the first, the driver's argument that he did not exceed the legal limit at the time of operation becomes more persuasive. Where, as here, there were two tests of more than twice the legal limit with the first test about one-half hour after the accident, the Court cannot conclude that the findings of the hearing officer are not supported by substantial evidence. Expert testimony was not required under the facts of this case.
The plaintiff's final claim is that the State has failed to clearly identify the Connecticut operator's license that it is attempting to suspend, resulting in a denial of due process. This claim is frivolous and deserves little discussion. While the police officer initially incorrectly listed the plaintiff's operator's license number, the suspension notice indicating the right to a hearing identified the correct license number, and the plaintiff only has one Connecticut motor vehicle operator's license. There is a failure to give due process when either the notice of the proceeding or the hearing itself has been so defective that a party has not been reasonably apprised of nor had the opportunity to contest the charges against him. Hart Twin Volvo v. Commissioner of Motor Vehicles, 165 Conn. 42, 46. The notice and proceeding here were adequate.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE